Pennington, J.
The state of demand is very unskilfully drawn; but I have had some doubt whether it could not be supported as a demand in trover; but incline to think it cannot, for want of a direct allegation that the property was in the plaintiff, (a) That he bought it of another man will not do; the other may not have owned it, or the defendant may have had a legal claim upon it. Nor is any conversion alledged. Stopping and detaining, may amount to a refusal to deliver, and that is evidence of a conversion; but a conversion ought to have been directly charged. If a man buys personal property while it is in the hands of a third person, and while the property is in dispute, he ought to be held to the regular rules of law in the recovery of it. We must presume that the property was in the hands of the defendant at the time the plaintiff purchased it; otherwise, he has misconceived his action. It should have been trespass for taking it. For these reasons, I am of opinion, that judgment be reversed.
Kirkpatrick, C. J.
— I think if this be a judgment, if must be reversed for the reason stated by my brother Pennington ; but I rather think that it cannot [*] be considered as a judgment at all, and therefore, the proceeding must be set aside on that ground. “I give judgmentwith the jury,” is not rendering judgment for the debt and costs as the law directs.
Rossem, J. — I agree in this opinion. There is really no judgment. .
Proceedings set aside.

 1 Chit. Pl. 329, Esp,Dig. 3/3.